DISSENTING OPINION BY
JUDGE COSGROVE
I join the thoughtful dissent of President Judge Leavitt in its entirety. I write separately to- emphasize several additional points; '
In fulfilling our duty to discern the intent of the General Assembly whenever statutory interpretation is part of our decision making, we are not limited to examination of the particular provision before us but must instead view the entire body of legislation as an organic whole. We, indeed, are compelled to do so. President Judge Leavitt carefully outlines how the Majority mistakenly limits the interpretation of Section 402.6 of the Unemployment Compensation Law (Law).[1] In doing so, the Majority contradicts the Law’s “remedial and humanitarian [ ] purpose ... [thus] frustrating its objectives] by slavish adherence to technical and artificial rules.” *1071 Lehr v. Unemployment Compensation Board of Review, 155 Pa.Cmwlth. 396, 625 A.2d 173, 175 (1993)(internal citations omitted). We would be wise therefore to embrace the President Judge’s analysis, and rest there. Suspecting the Majority will not accept this invitation, there is additional reason to rethink what it proposes.
Although this case is before us in the unemployment benefit context, what is really at its core is the sentencing decision of a trial judge. While criminal law and its processes do not fit neatly into this Court’s wheelhouse, we cannot ignore the profound experience a judge has in sentencing another. In fact, in no other area of the law is a judge’s decision more consequential and impactful to the party before him or her. “If the hundreds of American judges who sit on criminal cases were polled as to what was the most trying facet of their jobs, the vast majority would almost certainly answer ‘Sentencing.’ In no other judicial function is the judge more alone; no other act of his [or hers] carries greater potentialities for good or evil than the determination of how society will treat its transgressors.” See Judge Irving R.'Kaufman, Sentencing: The Judge’s Problem, Atlantic Monthly, January 1960, available at http://www.the_atlantic.com/past/docs/unbound/flashbks/death/kaufman.htm, (last viewed May 19, 2017).
The General Assembly guides the sentencing decision and directs the judge to consider, among other things, “the rehabilitative needs of the defendant.” 42 Pa.C.S. § 9721(b). These considerations are applied to the array of alternatives outlined by statute, which include the possibility of a sentence of partial confinement such as that imposed on Daniel Harmon (Claimant) pursuant to 42 Pa. C.S. § 9721(a)(3). As the President Judge rightly notes, this sentence allowed Claimant to serve time in a manner which provided him with complete liberty to remain employed during the normal workweek. Particularly tailored to Claimant, this sentence fulfills the statutory purpose of addressing his rehabilitative needs. Although circumstances cost him employment through no fault of his, receipt of unemployment benefits nonetheless would have supported Claimant’s rehabilitation given, the requirement in Section 401(b)(1) of the Law that benefits must accompany supervised efforts to seek employment.[2] By construing Section 402.6 as it does, the Majority interferes with this rehabilitative effort in a way the legislature cannot have intended.
Whatever the motivation behind the enactment of Section 402.6,[3] it would be the epitome , of illogic for the General Assembly to construct a mechanism for courts to fashion a rehabilitative remedy for transgressors with one statute, only to have that remedy eviscerated through exercise of another statute, particularly when the latter has only a “humane” and “remedial” purpose.
For these reasons, as well as those articulated by the President Judge, I am compelled to dissent.
President Judge Leavitt and Judge Wojcik join in this dissent.

. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, added by the Act of October 30, 1996, P.L. 738, as amended, 43 P.S. § 802.6.

. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. § 801(b)(1).

. President Judge Leavitt’s reference to the legislative sponsor’s quote is quite telling, See Harmon v. Unemployment Comp. Bd. of Review, (Pa. Cmwlth., No. 787 C.D. 2015, filed June 7, 2017) (Leavitt, P.J., dissenting op. at 1067 n.2).